1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY R. JONES,

11            Plaintiff,              No. 2:09-cv-3256-JFM (PC)

12        vs.

13   LT. B. ROSZKO, et al.,

14            Defendants.             ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed July 21, 2010, plaintiff's amended complaint

18   was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second

19   amended complaint.

20        The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   /////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

12   U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15   id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

17   v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

18   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

19   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

20   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

21   U.S. 232, 236 (1974).

22   In the July 21, 2010 order, plaintiff was directed to file his second amended

23   complaint on the court's form for a prisoner civil rights complaint.  Use of that form assists the

24   court in screening the complaint as required by 28 U.S.C. § 1915A and to determine whether

25   plaintiff has satisfied the requirements of Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain

26   statement of the claim showing that the pleader is entitled to relief.").  Plaintiff's second

amended complaint is not prepared on the court's form complaint, and the court is unable to determine whether plaintiff has satisfied the requirements of Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the court's July 21, 2010 order, the second amended complaint will be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, the third amended complaint must be prepared on the court's form civil rights complaint, a copy of which will be provided with this order. In a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is reminded that the Federal Rules of Civil Procedure require that a complaint consist of "simple, concise, and direct" averments. McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Plaintiff should avoid "'narrative rambling[]'" and allege facts that provide "notice of what legal claims are asserted against which defendants." Id. at 1176.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's second amended complaint is dismissed.

2.  The Clerk of the Court is directed to send plaintiff a copy of the court's form civil rights complaint and accompanying instructions.

3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Third Amended Complaint. Plaintiff's third amended complaint shall be prepared on the form provided with this order and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED: November 18, 2010.

UNITED STATES MAGISTRATE JUDGE

12
jone3256.143

4

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

ANTHONY R. JONES,

11

          Plaintiff,                 No. 2:09-cv-3256-JFM (PC)

12

    vs.

13

LT. B. ROSZKO, et al.,                NOTICE OF AMENDMENT

14

          Defendants.

15

_____/

16

         Plaintiff hereby submits the following document in compliance with the court's

17

order filed _____:

18

      _____      Third Amended Complaint

19

DATED:

20

21

22

23

                                  _____

24

                                 Plaintiff

25

26

5