IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. JONES,

    Plaintiff,                    No. 2:09-cv-3256 MCE JFM (PC)

vs.

LT. B. ROSZKO, et al.,

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is proceeding on plaintiff's third amended complaint, filed December 17, 2010. It is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion.

        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must

1

1  contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell
2  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not
3  necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim
4  is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell
5  Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ANALYSIS

Defendants seek dismissal on the ground that plaintiff's third amended complaint violates Federal Rule of Civil Procedure 8(a)(2).  Defendants contend that the complaint is "rambling and confusing" and is filled with "purely conclusory" allegations against them. Memorandum of Points and Authorities in Support of Motion to Dismiss, filed September 27, 2011, at 3-4.  Defendants also contend that it is impossible to "realistically and intelligently" respond to the allegations of the third amended complaint.  Id. at 4.

With one exception, this argument is without merit.  The third amended complaint states two claims for relief arising from an incident on August 2, 2008, when plaintiff alleges he was attacked by other inmates, and from disciplinary proceedings against plaintiff that followed the incident and plaintiff's attempt to appeal the disciplinary conviction.  Plaintiff alleges different acts and omissions by each of the named defendants, but the allegations against each defendant are sufficient to state cognizable claims against defendants Rosko, Fernandez, Arthur, Sisto, and Brown for failure to protect plaintiff in violation of the Eighth Amendment and for violation of plaintiff's right to due process in connection with the disciplinary proceedings that followed.  See Third Amended Complaint, filed December 17, 2010, at 3-12.  The allegations of the third amended complaint are also sufficient to state a cognizable claim for violation of plaintiff's right to due process against the defendant identified as CCI G. Lee[1] in connection with the disciplinary

/////

---

[1] In their motion, defendants state that the true name of this defendant is Jones.  See Memorandum of Points and Authorities at 1.

2

proceedings, and defendant Cervantes in connection a subsequent ICC hearing to consider factors in mitigation regarding the rules violation report. See Ex. K to Third AmendedComplaint.[1]

Defendants also seek dismissal on the ground that plaintiff's claims are barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny. In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Under Heck, the court is required to determine whether a judgment in plaintiff's favor would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. The rule announced in Heck extends to prison disciplinary convictions that involve the loss of good-time credits. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Exhibit E to the third amended complaint shows that as a result of the August 2, 2008 incident at bar plaintiff was convicted of battery on an inmate with a weapon and assessed three hundred sixty days forfeiture of good time credits. Plaintiff's allegations concerning alleged falsification of documents in connection with the disciplinary conviction and the administrative appeal therefrom implicate the validity of the disciplinary conviction. Accordingly, plaintiff's due process claims should be dismissed without prejudice.

Defendants have not squarely addressed whether plaintiff's Eighth Amendment failure to protect claim against defendants Rosko, Fernandez, Arthur, Sisto, and Brown is barred by Heck and Edwards. Defendants contend that plaintiff's assertion that he was the victim of an

---

[1] Plaintiff's claim against defendant Cervantes is the least clear of his claims, and the court has relied in part on plaintiff's opposition to defendants' motion to dismiss to ascertain that plaintiff's claim against defendant Cervantes also arises from the same series of events as the claims against the other defendants.

3

attack, not the perpetrator, if proved, "would necessarily invalidate the finding that he was a perpetrator of a mutual combat among four prisoners and the resulting conviction for battery with a weapon. . . ." Memorandum of Points and Authorities, at 6. This court does not agree.

The rules violation report, which formed the basis for the disciplinary conviction, contains the following description of the events that led to the disciplinary charges:

> On 08-02-08, at approximately 1610 hours, while working in Building #16, I observed inmates HARPER D-81714 and JONES P-21003 striking Inmate JONES D-56853 in the face and chest areas with their fists. However, Inmate JONES D-56853 was striking back using an 8 foot long extension cord with a sap type weapon (later identified as a lock in a sock) at inmates HARPER and JONES P-21003.

Ex. E to Third Amended Complaint.[2] That report was the foundation of the guilty finding, based on the hearing officer's finding that plaintiff "did commit the specific act of BATTERY ON AN INMATE USING A WEAPON, as reported and charged." Id. Plaintiff's Eighth Amendment claim against defendants Rosko, Fernandez, Arthur, Sisto, and Brown is that each of the defendants knew that plaintiff was threatened with serious harm from other inmates, that they failed to take steps to prevent harm to plaintiff or affirmatively required him to remain in his housing unit, and that the threat to plaintiff's safety materialized in the events of August 2, 2008. The report that formed the basis of the disciplinary conviction states that two inmates assaulted plaintiff and that plaintiff struck back at them with a weapon. A finding that defendants failed to protect plaintiff from the attack by inmates Harper and Jones would not necessarily invalidate the finding that plaintiff committed battery with a weapon on inmate Harper. For that reason, defendants' motion to dismiss plaintiff's Eighth Amendment claim should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' September 27, 2011 motion to dismiss be granted as to plaintiff's due process claims against all defendants and denied as to plaintiff's Eighth Amendment claims;

---

[2] Plaintiff is Inmate Jones D-56853.

      2. Plaintiff's due process claims against all defendants be dismissed without prejudice; and

      3. Defendants Rosko, Fernandez, Arthur, Sisto, and Brown be required to answer plaintiff's Eighth Amendment claims within twenty days from the date of any order by the district court adopting these findings and recommendations.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2012.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
jone3256.mtd